UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JASON W. PIPKIN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ESTES EXPRESS LINES,<br><br>Defendant. | Civil Action No: 3:15-cv-00249-REP |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA ACTION**

Now Comes Defendant Estes Express Lines and serves its Response to Plaintiffs' Motion for Conditional Certification of FLSA Action. Defendant shows the Court the following:

**STATEMENT OF PROCEDURAL AND FACTUAL HISTORY**

On April 23, 2015, Plaintiff Jason Pipkin filed a Complaint in this Court asserting an individual claim of wrongful termination as well as a putative collective action under the Fair Labor Standards Act in which he sought to represent allegedly similarly situated current and former central dispatch supervisors employed by Defendant Estes Express Lines. Defendant filed its Answer on May 27, 2015 denying liability on all Plaintiffs' claims and asserting affirmative and other defenses. Thomas K. Hodges filed his Consent to Join Action on July 6, 2015 requesting to appear as an opt-in Plaintiff.[1] Plaintiffs now seek conditional certification of the putative collective action.

---

[1] For the sake of consistency with the Motion for Conditional Certification, Defendant refers to Pipkin and Hodges collectively as the "Plaintiffs" herein.

## DEFENDANT'S RESPONSE AND OBJECTIONS

Defendant denies liability to Plaintiffs and disputes the majority of the factual and legal allegations set forth in Plaintiff's Motion for Conditional Certification of FLSA Action ("Motion for Conditional Certification"), Plaintiff's Memorandum in Support of Their Motion for Conditional Certification of FLSA Action ("Memorandum in Support") and the Declarations of Pipkin and Hodges (collectively "Declarations in Support"). Notwithstanding, Defendant is cognizant of the relaxed burden of proof applicable to Plaintiffs' Motion for Conditional Certification, and Defendant does not wish to tax the Court's time and resources by opposing a request for conditional certification that likely would be granted due to the minimal showing required of the Plaintiffs at this early stage of the litigation. As defined by Plaintiffs, the collective action will encompass only employees holding the same central dispatch supervisor title that was held by Plaintiffs Pipkin and Hodges in Defendant's Richmond, Virginia headquarters. Defendant concedes that certain central dispatch supervisors shared similar, though not identical, duties and shift schedules, that they periodically worked more than 40 hours in a week, that they had the same supervisor, that they were paid on a salary basis, and that they were at all relevant times classified as exempt from overtime requirements. Except as conceded in the immediately preceding sentence, Defendant denies the factual and legal allegations in Plaintiff's Motion for Conditional Certification, the Memorandum in Support, and the Declarations in Support. As these facts likely would result in the Court granting the Motion for Conditional Certification, Defendant does not oppose the conditional certification and distribution of notice to putative "Class" members.

Plaintiffs define the putative "Class" of employees who will receive notice of the collective action as follows:

> All Estes' employees who worked as Line Haul Supervisors or Central Dispatchers in Estes' Central Office between May 1, 2012 and the present time, and who Estes classified and paid as salaried exempt employees.

(Memorandum in Support, p. 5).

Defendant does not oppose the above "Class" definition provided that Plaintiffs acknowledge that the terms "Line Haul Supervisors" and "Central Dispatchers" refer to the same position, that being Central Dispatch Supervisor, and that the term "Central Office" refers to Estes' corporate headquarters in Richmond, Virginia, which is the location of the central dispatch office.

Notwithstanding Defendant's decision not to oppose <u>conditional</u> certification, Defendant objects to the treatment of Plaintiff's claim on a collective basis and intends to move to decertify the collective action at the appropriate time. Defendant preserves all defenses asserted in its Answer and otherwise available in opposition to the putative collective action and its underlying claim for alleged unpaid wages. As addressed above, Defendant expressly denies the factual and legal allegations made by the Plaintiffs, including, without limitation, the description of job duties set forth in Plaintiffs' Motion for Conditional Certification, Memorandum in Support and Declarations in Support, that Plaintiffs, and other potential opt-in plaintiffs, are sufficiently similarly situated to maintain and/or prosecute a collective action, and that Plaintiffs, or any potential opt-in plaintiff, can establish a violation of any applicable wage and hour laws, much less a willful violation that would warrant application of a three year statute of limitations. Plaintiffs and any potential opt-in plaintiffs were at all times properly classified as exempt from all requirements to pay overtime under the Fair Labor Standards Act and any other applicable wage and hour law. As Plaintiffs pointed out in their Memorandum in Support, however, the

above disputes, among others, are more appropriately addressed after discovery and in connection with Defendant's future motion to decertify and/or motion for summary judgment.

Finally, Defendant does not oppose the schedule or procedure proposed in the Motion for Conditional Certification for submitting to the Court a jointly proposed notice or separately proposed notices to class members.

Respectfully submitted this the 17th day of July, 2015.

/s/C. Michael DeCamps
C. Michael DeCamps (VSB No. 15066)
Sands Anderson PC
1111 E. Main Street, Suite 2400
Richmond, Virginia 23219
Telephone: (804) 783-7297
Facsimile: (804) 783-7291
MDeCamps@SandsAnderson.com

David L. Terry, (NCSB No. 11113)
*Admitted Pro Hac Vice*
Poyner Spruill, LLP
One Wachovia Center
301 S. College St., Suite 2300
Charlotte, NC 28202
Telephone: (704) 342-5272
Facsimile: (704) 342-5264
dterry@poynerspruill.com

David L. Woodard, (NCSB No. 19343)
*Admitted Pro Hac Vice*
301 Fayetteville Street, Suite 1900
P.O. Box 1801 (27602)
Raleigh, NC 27602-01801
Telephone: (919) 783-6400
Facsimile: (919) 783-1075
dwoodard@poynerspruill.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing "**Defendant's Response to Plaintiffs' Motion for Conditional Certification of FLSA Action**" has been served via Clerk of Court using the CM/ECF system which sends notification of such filing to the following counsel for Plaintiff:

>Christopher Colt North
>The Consumer & Employee Rights Law Firm, PC
>751-A Thimble Shoals Boulevard
>Newport News, VA 23606
>Phone: (757) 873-1010
>Fax: (757) 873-8375
>E-Mail: cnorthlaw@aol.com
>
>David R. Simonsen, Jr. (VSB No. 20078)
>Vickey A. Verwey (VSB No. 20267)
>8003 Franklin Farms Drive, Suite 131
>Richmond, VA 23229-5107
>Phone: (804) 285-1337
>Fax: (804) 285-1350
>E-Mail: dsimonsenj@aol.com
>E-Mail: vaverwey@aol.com
>
>*Counsel For Plaintiffs*

This the 17th day of July, 2015.

>/s/ C. Michael DeCamps
>C. Michael DeCamps (VSB No. 15066)
>Sands Anderson PC
>1111 E. Main Street, Suite 2400
>Richmond, Virginia 23219
>Telephone: (804) 783-7297
>Facsimile: (804) 783-7291
>MDeCamps@SandsAnderson.com
>*Counsel for Defendant*